UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFTON BUTLER,<br><br>   Petitioner,<br><br>   v.<br><br>UNKNOWN,<br><br>   Respondent. | NO. CV 11-4267-JFW (AGR)<br><br>OPINION AND ORDER ON PETITION FOR WRIT OF HABEAS CORPUS |

On May 18, 2011, Petitioner, proceeding *pro se*, filed a Petition for Writ of Habeas Corpus By a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254. The Petition challenges his conviction in Los Angeles County Superior Court in 1996. (Petition at 2.)

**I.**

**PROCEDURAL HISTORY**

Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of the records in a prior federal habeas corpus action brought by Petitioner in the Central District of California: *Clifton C. Butler v. A.A. Lamarque*, CV 00-7564-DT (CT) ("*Butler I*").

On January 22, 1996, a Los Angeles County jury convicted Petitioner of second degree murder. (Petition at 2.) On May 13, 1996, the court sentenced

| | |
|---|---|
| 1 | him to 15 years to life plus 5 years. (*Id.*) On July 11, 1997, the California Court |
| 2 | of Appeal affirmed the judgment. (*Id.* at 3.) On October 15, 1997, the California |
| 3 | Supreme Court denied the petition for review. (*Id.*) His habeas subsequent |
| 4 | habeas petitions from 1998 through May 2010 were all denied. *See* California |
| 5 | Appellate Courts online docket, Case Nos. S074378, B216465, B224051, |
| 6 | S177806. |

In *Butler I*, on July 12, 2000, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. On November 14, 2000, the District Court issued an Order Accepting Report and Recommendation of United States Magistrate Judge and Judgment denying the petition with prejudice based on expiration of the statute of limitations. *Butler I*, Dkt. Nos. 15-16. On December 15, 2000, Petitioner filed a Notice of Appeal. *Id.*, Dkt. No. 17. On August 20, 2001, the Ninth Circuit denied the certificate of appealability. *Id.*, Dkt. No. 22.

The current Petition challenges the same conviction and sentence as *Butler I*. (Petition at 2.)

## II.

## **DISCUSSION**

The Petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the Court applies the AEDPA in reviewing the Petition. *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).

The AEDPA provides, in pertinent part: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). A district court does not have jurisdiction to consider a "second or successive" petition absent authorization from the Ninth Circuit. *Burton v. Stewart*, 549 U.S. 147, 152, 127 S.

Ct. 793, 166 L. Ed. 2d 628 (2007); *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) ("When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.") (citation and quotation marks omitted)

Here, the Petition is a second or successive petition that challenges the same conviction and sentence imposed by the same judgment of the state court as in *Butler I*. (Petition at 2.) The petition in *Butler I* was denied with prejudice as untimely. *Butler I*, Dkt. Nos. 12, 15-16. "[D]ismissal of a section 2254 habeas petition for failure to comply with the statute of limitations renders subsequent petitions second or successive for purposes of the AEDPA." *McNabb v. Yates*, 576 F.3d 1028, 1030 (9th Cir. 2009).

It plainly appears from the face of the Petition that Petitioner has not received authorization from the Ninth Circuit Court of Appeals to file a second or successive petition. This Court must, therefore, dismiss the Petition as a successive petition for which it lacks jurisdiction under 28 U.S.C. § 2244(b)(3). *See Burton*, 549 U.S. at 152.

Rule 4 of the Rules Governing Section 2254 Cases in the United States Courts provides that "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Here, summary dismissal is warranted.

**III.**

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered summarily dismissing the Petition and action for lack of subject matter jurisdiction.

DATED: June 13, 2011

JOHN F. WALTER
United States District Judge